# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD FREEMAN, | No. 2:18-cv-2438 DB P |
| Plaintiff, | |
| v. | ORDER |
| CDCR DVI, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF Nos. 3, 10) and his complaint for screening (ECF No. 1). For the reasons set forth below the court will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. <u>Bivens</u>, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Background**

This action was commenced when plaintiff filed a document in the United States District Court for Northern District of California. (ECF No. 1.) The previously assigned judge determined that the allegations occurred in the jurisdiction of the Eastern District. The case was transferred to the United States District Court for the Eastern District of California where venue properly lies. (ECF No. 4.)

**III.    Allegations in the Complaint**

Plaintiff alleges he is serving an illegal sentence under California law. (ECF No. 1.) He claims when it was discovered that his sentence was illegal he was moved from a minimum

3

support facility and put in the hole in an unvented cell in hot conditions exposed to direct sunlight. He requests a court order returning his legal papers so that he can continue to pursue his release from the facility where he is incarcerated. He claims he has a constitutional right to his legal paperwork. Plaintiff has identified only the California Department of Corrections and Rehabilitation and Deuel Vocational Institution as defendants.

### IV. Failure to State a Claim

#### A. Proper Defendants

Plaintiff's claim is deficient because it fails to identify a proper party for relief. The Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against state agencies (such as the California Department of Corrections and Rehabilitation) and individual prisons (such as Deuel Vocational Institute), absent "a waiver by the state or a valid congressional override . . . ." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." See Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." Dittman, 191 F.3d at 1025-26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)); see also Brown v. Cal. Dep't. of Corr., 554 F.3d 747, 752 (9th Cir. 2009).

In any amended complaint plaintiff should carefully consider whom he may properly name as a defendant in this action.

#### B. Access to the Courts

Plaintiff claims that he was separated from his legal materials while he was trying to pursue an appeal in the state court. (ECF No. 1.) To the extent plaintiff intends to state a claim for denial of his right to access the courts, as set forth above he must identify a proper defendant. Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2001)

overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right is limited to bringing complaints to federal court in direct criminal appeals, habeas petitions, and civil rights actions. Lewis v. Casey, 518 U.S. 343, 354 (1996). It is not a right to discover such claims or to litigate them effectively once filed with a court. Id. at 354-55. A plaintiff must show he suffered an "actual injury," i.e. prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Id. at 348-49. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

Plaintiff requests the court order CDCR to return his legal materials so that he can continue to pursue his release from prison. However, his allegations are insufficient to state a claim because he has not stated facts showing that he suffered an actual injury as a result of the deprivation of his legal materials. If plaintiff chooses to file an amended complaint, he must allege facts identifying a defendant or defendants who interfered with is right to pursue his release from prison and show that the interference caused an actual injury to his pursuit of his claim.

## V.     Amending the Complaint

As set forth above, plaintiff fails to state a claim. However, he will be given the opportunity to amend.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named

1  defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The
2  charging allegations must be set forth in the amended complaint, so defendants have fair notice of
3  the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in
4  support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See
5  Fed. R. Civ. P. 8(a).

6  Any amended complaint must show the federal court has jurisdiction, the action is brought
7  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must
8  contain a request for particular relief. Plaintiff must identify as a defendant only persons who
9  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
10 Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if
11 he does an act, participates in another's act or omits to perform an act he is legally required to do
12 that causes the alleged deprivation).

13 In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed.
14 R. Civ. P 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed.
15 R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or
16 occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

17 The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d
18 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
19 heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.
20 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be
21 set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema
22 N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,
23 which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

24 Plaintiff is informed that the court cannot refer to a prior pleading in order to make his
25 amended complaint complete. An amended complaint must be complete in itself without
26 reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all
27 prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint,
28 each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF Nos. 3, 10) is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint is dismissed with leave to amend.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."
5. The Clerk of the Court is directed to send plaintiff a civil rights complaint form.
6. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: March 21, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/free2438.scrn